## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

Brandon Calledare

      v.                          Civil No. 14-cv-416-LM

Samantha Potter

### REPORT AND RECOMMENDATION

Pro se plaintiff Brandon Calledare has filed a "Motion of Crimination" (doc. no. 1) that the court has construed and docketed as a complaint in a civil case.  The complaint is before the court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

### Standard

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Background**

In the complaint, Calledare states that he was having a discussion with a person of his acquaintance, Samantha Potter. Calledare asserts that the conversation led to Potter "deserting/abandoning [Calledare] & [their] conversation which wasn't fully fulfilled."  Calledare asserts that Potter has thus violated her legal and moral duty to make things right between them.

**Discussion**

This court has jurisdiction over lawsuits that assert claims presenting a "federal question," pursuant to 28 U.S.C. § 1331, or that assert "diversity" of the parties and an amount in controversy in excess of $75,000, pursuant to 28 U.S.C. § 1332.  Calledare has not asserted facts to demonstrate the existence of either federal question or diversity jurisdiction to enable the court to hear this case.  Accordingly, the action should be dismissed in its entirety for want of jurisdiction.

**Conclusion**

For the foregoing reasons, the court recommends that the district judge dismiss this action in its entirety for want of jurisdiction.  Any objections to this report and recommendation

must be filed within fourteen days of receipt of this notice.

See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within

the specified time waives the right to appeal the district

court's order.  See United States v. De Jesús-Viera, 655 F.3d

52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins.

Co., 617 F.3d 554, 564 (1st Cir. 2010).



_____
Andrea K. Johnstone
United States Magistrate Judge


October 30, 2014

cc:  Brandon Calledare, pro se

3